KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—December, 1883.

CUTHBERT v. BABCOCK.

*In the matter of the probate of the will, and codicils thereto, of* SALLY A. BUNKER, *deceased.*

Decedent's husband, by his will, which, with a codicil thereto, was admitted to probate in 1852, gave a life estate to decedent, appointed her executrix and his son C. executor, conferred upon his executors

a power of sale of his realty, directed a distribution of his property on decedent's death, established a trust in favor of another son, T., and authorized decedent, in case C. should die in her lifetime, "to appoint some fit and proper person to execute" the will, which appointment, it was provided, might, if decedent did not remarry, be made by her last will.

C. having died before his father, the latter, by the codicil mentioned, appointed his son G. executor and trustee "in the place of" C. G. survived his father, received, together with decedent, letters testamentary under his will, and died during the lifetime of decedent.

Decedent, dying in 1883, without having remarried, by a codicil to her will appointed, in the exercise of the power conferred upon her, J. to be executor of her husband's will. It was contended that the husband, by the appointment contained in the codicil to his will, revoked the power conferred upon decedent, and that the attempted appointment, by the latter, in the codicil to her will, of an executor of the will of her husband was void.—

*Held*, that the husband, by the codicil to his will, simply substituted the name of G. in place of that of C., leaving the other provisions of his will in force; and that the appointment made by decedent was a valid exercise of her power.

THIS was an application for a judicial construction of the second of two codicils to the will of Sally A. Bunker, who died November 26th, 1883, made upon the proceedings for probate of said will and codicils, dated, respectively, May, 1880, March, 1882, and September, 1883. The will of Thomas G. Bunker, her husband, was admitted to probate December 7th, 1852. It created a trust in favor of a son Thomas. Albert G. Bunker, another son, who survived his father, and received letters testamentary upon his estate, died before his mother, the decedent, whose will, with the codicils thereto, was presented for probate by Gertrude A. Babcock, the executrix therein named. Theodore F. Vail declined to act as an executor of the will of Thomas G. Bunker. The grant of letters, upon the latter's estate, to Terence Jacobson, was opposed by Margaret A. Cuthbert, who claimed as assignee of the

interest of Edward H. Bunker in the estate of Thomas. Further facts appear sufficiently in the opinion.

GEO. B. *and* A. H. ELY, *for Margaret A. Cuthbert:*

The contestant having expressly put in issue, before the Surrogate, the validity, construction and effect of the codicil, the Surrogate must determine the question upon rendering a decree on the probate (Code Civ. Pro., § *2624;* Bevan v. Cooper, *72 N. Y., at p. 329*). By the eleventh clause of the will of Thomas G. Bunker, two modes of appointment were pointed out,—one in the lifetime of Sally, and one by will, to take effect after her death. But the appointee, whether by deed or will, was not restricted to persons living at the death of testator ; and, as two executors were appointed by the will and codicil, the power of further appointment created a perpetuity—extended beyond two lives in being, and was void. By his own appointment of Albert, as executor, "in the place of said Alexander C. Bunker, deceased," testator resumed and exercised the power granted to his wife. Whether a surviving executor could be empowered to appoint a successor to his late co-executor was not decided, but the question was expressly reserved, in Hartnett v. Wandell (*60 N. Y., 346*). The exercise, by will, of such a power of appointment is unauthorized (Code Civ. Pro., § *2640*).

OLIVER J. WELLS, *for Gertrude A. Babcock and Terence Jacobson:*

The will of Thomas G. Bunker contemplates the execution of certain duties by his executor after the death of the life tenant and executrix, Sally A. Bunker, *i. e.*, the sale of his realty, the division of his property, and

a trust during the life of a son.  To perform them, he appoints his son Alexander, presuming that he will outlive his mother.  To meet the contrary contingency, the will provides—"should my said son Alexander die in the lifetime of my said wife, I authorize and empower her to appoint some fit and proper person to execute this my will," etc.  The word, executor, may be substituted for the words "son Alexander" (Marsh v. Hague, *1 Edw. Ch., 174*).  Alexander having died during the lifetime of testator, the latter, by a codicil, appoints his son Albert as executor "in the place of said Alexander," and in other respects republishes his will. The effect of this is to substitute the name of Albert in the original will.

The will and codicil must be read together (Westcott v. Cady, *5 Johns. Ch., 334*).  Effect must be given to every part (Estate of Arcularius, *3 Bradf., 64, 114*). The power is valid and letters should issue to the nominee (Alexander's will, *16 Abb. N. S., 9;* Hartnett v. Wandell, *60 N. Y., 346*).  To refuse them would defeat the evident purpose of testator, that his widow should continue his executrix during life, and, at her death, appoint some person to carry the will into effect.  Section 2640 of the Code of Civil Procedure does not stand in the way.  It does not apply to Thomas G. Bunker's will (id., § *2646*).  That section applies only to an appointment of an original executor, not to a successor of one already acting.  And no lawful act done or right accrued was affected by its passage (id., § *3352*).

L. REDFIELD, *for Robert A. Bunker.*

CORNELIUS FERGUSON, JR., *special guardian.*

THE SURROGATE.—This is an application, arising on the probate of the will and codicils of Sally A. Bunker, for a construction of the last codicil.

Sally A. Bunker died November 26th, 1883, leaving a will and two codicils. By the first codicil, in the exercise of the power contained in the will of her husband Thomas G. Bunker, she nominates and appoints her son Edward H. Bunker to be executor of said last will and testament of Thomas G. Bunker, deceased; and by the second codicil she revokes the appointment of her son Edward, and nominates and appoints Theodore F. Vail of the city of New York, or, should he decline to act, Terence Jacobson of the city of Brooklyn, to be the executor of the last will and testament of Thomas G. Bunker, deceased. In construing this codicil, we must refer to the will of Thomas G. Bunker, from which it is claimed she derives the power to appoint. Thomas G. Bunker by his will made the following provisions relative to his executors and trustees:

"Tenthly.—I appoint my well beloved wife, Sarah A. Bunker, executrix, and my son Alexander C. Bunker, executor and trustee under this my last will and testament."

"Eleventhly.—Should my said son Alexander C. Bunker die in the lifetime of my said wife, I authorize and empower her to appoint some fit and proper person to execute this my will, and hereby give her power so to do, and this notwithstanding any coverture she may be under, and if she remains my widow *such appointment may be made by a last will and testament in writing, having the same obligatory force and effect as if made by me.*"

By a codicil to his will, he recites the death of his son Alexander C. Bunker, named as executor and trustee in said will, and says : "I do hereby nominate, constitute and appoint my beloved son Albert G. Bunker as executor of my said last will and testament, in the place of said Alexander C. Bunker, deceased;" and "I do hereby nominate, constitute and appoint my said son Albert G. Bunker, trustee for the purposes named in said will and in this codicil thereto."

The testator declares that the codicil shall be taken as an addition to and alteration of his will, but in no other respect to alter or change the provisions of his will, except as expressed in said codicil. Sally A. Bunker never remarried. Had the first named executor and trustee survived Thomas G. Bunker and died before his mother, it could not be questioned that the exercise of the power of appointment by Sally A. Bunker would have been good, in the absence of any objection to the personal fitness or qualification of the person so appointed (Hartnett v. Wandell, *60 N. Y., 346*). But in the case at bar, the first named executor and trustee under the will, died in the lifetime of the testator, and it is now claimed by the contestant that the testator's having, by a codicil to his will, exercised the power of appointment of an executor and trustee of his will superseded the power given by him to his wife, and by implication revoked the same. The whole scheme of the will seems to be to give to his executors and trustees authority to sell and convert his personal property, with a full power of sale over his real estate after the termination of the life estate given to his wife, and to divide the proceeds thereof in the manner therein di-

rected. And in order to execute the provisions of his will, he first appointed his son Alexander C. Bunker his executor and trustee, and adds: "in case of his death before his mother, I give to her the power of appointment of some proper person to execute my will, with the same obligatory force as if made by me."

Sally A. Bunker, in the exercise of that power, has nominated, by a codicil to her will, a person to execute the will of Thomas G. Bunker, deceased.

It seems to me, from a reading of the will and codicils, that it is evident the testator intended, in case of the death of his executor and trustee before his wife, that she should have the power to appoint some one to carry out the provisions of his will; that he did not intend to restrict the power of appointment to a successor upon the death of his son Alexander only, but intended it to be exercised upon the death of any person whom he might appoint for the purpose of executing his will, if such person died before his wife; for if it should be limited to the death of his son Alexander, why did he permit the eleventh clause of his will to stand, which gives to his wife the power of appointment of some person to execute the will? Such a construction would defeat the very purpose the testator had in view. He wished to provide for the appointment of some person to execute the power of sale contained in his will, and to make a speedy division of his estate among his children, and to whom he might commit the management of the trusts therein mentioned without asking the aid of the court.

Alexander died before his father. He never became executor and trustee under the will. The testator, by

the codicil, simply substituted the name of his son Albert in the place of his deceased son Alexander, and intended that all the other provisions of the will should remain in force.

The will and codicil are consistent, and effect should be given to both where it can be done without violating some well settled rule of law.

The testator was disposing of his own property. He had a perfect right to designate an executor, or delegate the power of appointment to some person in whom he had confidence. He had special reasons for so doing, as he invests his executor and trustee with discretionary powers relative to terminating certain trusts made for the benefit of some of his children, which to me would seem to go far towards confirming the position that the testator intended that the power of appointment should remain in his wife, who more than any other person would be likely to understand the testator's wishes in regard to his children; and would be competent to select a person who would exercise the discretionary power more in conformity with the testator's wishes than a trust company or some individual appointed by the court.

The court will always exercise great liberality in committing the execution of a will to those indicated in any manner by the will, and in accordance with the intent of the testator, and so as not to disappoint his wishes, regardless of technicalities (Hartnett v. Wandell, *60 N. Y., 351*).

I am, therefore, of the opinion that the appointment made by Sally A. Bunker in the last codicil to her will

was a valid exercise of the power delegated to her by the will of Thomas G. Bunker, deceased.